*Fred Lichtmacher*
*The Law Office of Fred Lichtmacher P.C.*
*116 West 23rd Street Suite 500*
*New York, New York 10011*
*(212) 922-9066*
*empirestatt@aol.com*

November 3, 2017

Honorable Steven L. Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
**Via ECF**

Re: <u>John Scott Et Al v. City of New York, Et Al</u>
    16 cv 00834

Your Honor:

    I am counsel for Plaintiffs in the above-entitled civil rights matter. I write in response to adversary counsel's letter, filed with the Court today and inadvertently dated October 17, 2017.

    Counsel is correct, Plaintiffs cannot consent to the enlargement they request, at least without movement towards Plaintiffs obtaining the discovery they have been denied, despite a Court Order.

    Without publishing the details, as the Court is aware, one Plaintiff in particular is in a precarious position, caused by Defendants' malicious, dishonest acts. Time is not something that client has to spare.

    Without intending to pile on adversary counsel, another plaintiff's firm forwarded this to me today.

    Case Name:    Martinez v. City of New York et al
    Case Number: 1:16-cv-00079-AMD-CLP
    Filer:
    Document Number:   78
    Docket Text:
    ORDER TO SHOW CAUSE re [76] The defendants are ORDERED to appear in person before this Court on November 9, 2017 at 9:00 a.m. in Courtroom 13B South to SHOW CAUSE why sanctions should not be imposed under Rule 37 of the Federal Rules of Civil Procedure and why their failure to obey this Court's previous Orders should not be treated as contempt of Court. Given that this is the Court's seventh Order regarding defendants' failure to comply with discovery obligations while Paul Hasan Johnson has been counsel of record, the Court further ORDERS that Mr. Johnson shall be

accompanied by one of his supervisors from the Corporation Counsel for the City of New York at the November 9, 2017 show cause hearing. So Ordered by Magistrate Judge Cheryl L. Pollak on 11/3/2017. (Caggiano, Diana)

I am concerned that my Plaintiffs are being subjected to the same type of discovery abuses. I propose the following solutions.

On September 18, 2017 after a lengthy conference, Your Honor issued the following Order

Discovery disputes addressed and resolved. Defendants will produce IAB investigation file, officer personnel files and information about any officers from the 114th precinct that were present at the scene. Plaintiffs' Mejia and Scott will produce 160.50 releases as discussed. For the reasons discussed on the record, the deadline for completion of fact discovery is extended to November 30, 2017. The October 5, 2017 status conference is canceled.

When counsel failed to comply with that Order there was another conference held on October 18, 2017, which was supposed to be a settlement conference. By any objective measures, counsel offered only a extremely small fraction of what the case is easily worth, and used the *de minimis* offer to justify not complying with the prior discovery Order.

To date, the Plaintiffs still do not have the IAB file or an affidavit from a high ranking member of IAB; full unredacted personnel files[1]; the deposition of the Duty Captain Frank Tarantola who generated the report which blatantly contradicts sworn testimony of Defendants Illiardi and Carmen-two of the Defendants who pepper sprayed and beat John Scott into unconsciousness; dispositions from the numerous Complaints against the Defendants; and the photographs of John Scott from the hospital.

Initially, Defendants provided four types of documents, Officer Histories, Resume Reports, Officer's Resumes and CPI/Round Robbins. Plaintiffs received all four types of documents for only three of the defendants: Vanderschuyt, Illardi and Carman. For officer Dorsaint we only received the Officer History. For Sgt. Muller we only have an Officer History. For Officer Jay Smith we have one page of his personnel file. As to all other officers we received nothing. And virtually nothing has changed since the conference. Virtually everything relevant to the matter at bar in the Defendants files is redacted. Plaintiffs are entitled to the immediate production of all the above listed documents, in unredacted form.

Plaintiffs also want to conduct the continued depositions of all the Defendants once their complete personnel files are provided–**at the Defendants' expense**, as it was their malfeasance which caused the necessity of taking additional depositions.

Plaintiffs also need the deposition of Jay Smith which I even offered to fly to Texas to conduct.

Plaintiffs also respectfully request they be allowed to Amend their Complaint to add the formerly withheld, and belatedly produced female officer as a Defendant.

---

[1] Plaintiffs understand personal information should be redacted.

      These delays cannot be said to not be prejudicial to the Plaintiffs, especially one of them, whose situation was discussed in detail at the last conference.

      Obviously at this juncture adversary counsel is not planning to cooperate with moving this case forward, so I propose the Court So Order all these requests, and then, maybe finally, this matter will either resolve or move towards a trial.

      Respectfully submitted,

      /s/

      Fred Lichtmacher

cc:    Assistant Corporation Counsel
        Paul Johnson