*Fred Lichtmacher*
*The Law Office of Fred Lichtmacher P.C.*
*116 West 23rd Street Suite 500*
*New York, New York 10011*
*(212) 922-9066*
*empirestatt@aol.com*

May 5, 2018

Honorable Steven L. Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
**Via ECF**

Re:     <u>John Scott Et Al v. City of New York, Et Al</u>
         16 cv 00834

Your Honor:

I am counsel for Plaintiffs in the above-entitled civil rights matter. Unfortunately, Plaintiffs have now discovered yet another egregious instance of misconduct by prior counsel, corrected by current counsel, and this one could have a profound effect on this matter.

This week I received from my adversary the memo book and LODI documents relating to police officer Everette. We have known Everette was present for a while but we had no idea of the extent of his involvement in the beating of John Scott until we saw these belatedly produced, and until now, hidden records.

The incident giving rise to this litigation occurred on April 2, 2014. On June 6, 2016 Plaintiffs served on the Defendants discovery requests including the following:

**DOCUMENT REQUEST 3**
>Produce the memo book entries for all officers present during the incident giving rise to the instant litigation-including for the officers who accompanied John Scott to the hospital and for all officers who were present with John Scott in the hospital as well as when he was released from the hospital. Memo book entries should include all writings on the backs of pages of said memo book pages.

**DOCUMENT REQUEST 15**
>Produce the aided cards and all relevant and related documents for any members of the NYPD claiming to have been injured in the incident giving rise to the instant litigation.

  In response we did not receive the Everette memo book entry regarding this incident, nor the Aided information for Everette which are both loaded with information about what transpired and which absolutely define his personal involvement in this incident.

  While I greatly appreciate new counsel producing this previously withheld, relevant and even vital information, I am now forced for the first time in my career to ask for sanctions against prior counsel and Corporation Counsel.

  I have had to stop and start my approach to this litigation more than once and write numerous letters and rethink my questioning in depositions due solely to the misbehavior of prior counsel.

  I will now have to redepose the officers regarding Everette and his alleged injuries and use of force and add Everette, belatedly to the complaint as a Defendant.   It is clear that prior counsel's devious behavior caused these problems for Plaintiffs in their entirety.  I will not rehash the prior acts of counsel as this Court has addressed them numerous times.  This is misbehavior which does not stop adversely effecting my clients, myself, the Court in having to waste time with these problems and the general progress-or lack thereof-of this case.

  As I said previously, this will be the first time in what has been my extremely active litigation career moving for sanctions, but I honestly believe I am left with no choice.  If not addressed this type of behavior would be implicitly sanctioned by this Court and inspire other less than forthright attorneys to behave in the same manner-which would harm everyone involved in our system.

  Therefore, Plaintiffs respectfully request the following relief;

  That they be allowed to amend their complaint to add PO Everette;

  That the officers previously deposed be again deposed at Corporation Counsel's expense; and

  and that Plaintiffs be given a schedule to move for sanctions against Corporation Counsel and prior counsel only.

              Respectfully submitted,

                 /s/

              Fred Lichtmacher

cc: Bilal H. Haider
   Assistant Corporation Counsel