UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOHN SCOTT, MICHAEL ANTHONY MEJIA,
SUSAN MEJIA and GENNESSIS
FERNANDEZ,

                Plaintiffs,                    16-cv-00834-NGG-ST
                                          **FOURTH AMENDED COMPLAINT**

       -against-

THE CITY OF NEW YORK, POLICE OFFICE
PETER EVERETTE SHIELD # 6655 PSA 9,
POLICE OFFICER CAPOLLA PSA 9,                **JURY TRIAL DEMANDED**
LIEUTENANT BRIAN VANDERSCHUYT,
PSA9, POLICE OFFICER SMITH DORSAINT
SHIELD # 12613 PSA 9, POLICE OFFICER
JAY SMITH PSA 9, SERGEANT JOSEPH
MULLER, POLICE OFFICER DARREN
ILLARDI  ESU UNIT 10, POLICE OFFICER
JASON CARMAN PSA9, POLICE OFFICER
JAMES SOUTHERNTON ESU UNIT 10,
SERGEANT DOMINIC CASALINO ESU UNIT
10, SERGEANT ELIZABETH MERO, SHIELD
NO. 3379, and UNIDENTIFIED POLICE
OFFICERS all in their capacity as individuals,

                Defendants.

--------------------------------------------------------X

       Plaintiffs, by their attorney, Fred Lichtmacher of The Law Office of Fred

Lichtmacher P.C., complaining of the Defendants herein, respectfully allege as follows:

**JURISDICTION AND VENUE**

1.      Jurisdiction is founded upon the existence of a Federal Question.

2.      This is an action to redress the deprivation under color of statute, ordinance, regulation,

custom, or usage of  rights, privileges, and immunities secured to the Plaintiffs by the Fourth,

Sixth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C.

§ 1983.

3.      Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4.      Plaintiff John Scott invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C.

§1367 and requests that this Court hear and decide his State common law claims.

5.       Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Eastern District of New York because events forming the basis of the Complaint occurred in that District.

## PARTIES

6.       Plaintiff John Scott is an African American male and at all times relevant was a resident of Queens County in the State of New York.

7.       Plaintiff Michael Anthony Mejia is an Hispanic male and at all times relevant was a resident of Queens County in the State of New York.

8.       Plaintiff Susan Mejia is an Hispanic female and at all times relevant was a resident of Queens County in the State of New York.

9.       Plaintiff Gennissis Fernandez is an Hispanic female and at all times relevant was a resident of Queens County in the State of New York.

10.      Defendant the City of New York, (hereinafter NYC) is a Municipal Corporation within New York State.

11.      Pursuant to §431 of its Charter, NYC has established and maintains the New York City Department of Police as a constituent department or agency.

12.      At all times relevant, NYC employed the defendant Police Officers more fully identified below.

13.      Defendant Lieutenant Brian Vanderschuyt, PSA9, was at all times relevant a duly appointed employee of the New York City Police Department assigned to PSA9.

14.      Defendant Vanderschuyt is liable for directly participating in the acts described herein as well as for his role in supervising and in failing to supervise the NYPD officers present at the scene and is sued both in his official and individual capacity.

15.      Defendant Police Office Peter Everette Shield # 6655 was at all times relevant a duly appointed employee of the New York City Police Department assigned to PSA9.

16.      Defendant Police Office Peter Everette Shield # 6655 is liable for directly participating in the acts described herein and is sued in his individual capacity.

-2-

17.     Defendant Police Officer Capolla, was at all times relevant a duly appointed employee of the New York City Police Department assigned to PSA9.

18.     Defendant Police Officer Capolla, is liable for directly participating in the acts described herein and is sued in his individual capacity.

19.     Defendant Police Officer Smith Dorsaint Shield # 12613, was at all times relevant a duly appointed employee of the New York City Police Department assigned to PSA9.

20.     Defendant Dorsaint is liable for directly participating in the acts described herein and is sued in his individual capacity.

21.     Defendant Police Jay Smith of PSA9, was at all times relevant a duly appointed employee of the New York City Police Department assigned to PSA9.

22.     Defendant Smith is liable for directly participating in the acts described herein and is sued in his individual capacity.

23.     Defendant Sergeant Joseph Muller of PSA9, was at all times relevant a duly appointed employee of the New York City Police Department assigned to PSA9.

24.     Defendant Sergeant Joseph Muller of PSA9 is liable for directly participating in the acts described herein as well as for his role in supervising and in failing to supervise the NYPD officers present at the scene and is sued both in his official and individual capacity.

25.     Defendant Police Officer Darren Illardi, was at all times relevant a duly appointed employee of the New York City Police Department assigned to ESU Unit 10.

26.     Defendant Police Officer Darren Illardi  is liable for directly participating in the acts described herein and is sued both in his official and individual capacity.

27.     Defendant Police Officer Jason Carman was at all times relevant a duly appointed employee of the New York City Police Department assigned to  PSA9.

28.     Defendant Police Officer Jason Carman is liable for directly participating in the acts described herein and is sued both in his official and individual capacity.

-3-

29.     Defendant Police Officer James Southernton was at all times relevant a duly appointed employee of the New York City Police Department assigned to ESU Unit 10.

30.     Defendant Police Officer James Southernton is liable for directly participating in the acts described herein and is sued both in his official and individual capacity.

31.     Defendant Sergeant Dominic Casalino was at all times relevant a duly appointed employee of the New York City Police Department assigned to ESU Unit 10.

32.     Defendant Sergeant Dominic Casalino is liable for directly participating in the acts described herein as well as for his role in supervising and in failing to supervise the NYPD officers present at the scene and is sued both in his official and individual capacity.

33.     Defendant Sergeant Elizabeth Mero, Shield No. 3379,was at all times relevant a duly appointed employee of the New York City Police Department assigned to Medical Division 1.

34.     Defendant Sergeant Elizabeth Mero, Shield No. 3379, is liable for directly participating in the acts described herein and is sued both in her individual capacity.

35.     Defendants Unidentified Police Officers upon information and belief are officers whose command is PSA 9 and/or ESU Unit 10 and they are sued herein in their capacity as individuals.

## <u>NOTICE OF CLAIM</u>

36.      On or about December 1, 2015, and within ninety days after his state claims arose, plaintiff John Scott filed a Notice of Claim upon Defendant the City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

37.     On February 1, 2016 John Scott's 50-h Hearing was conducted.

38.     More than thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

39.     This action was commenced within one year and ninety days after the happening of the events upon which the state claims are based and within three years of when Plaintiffs' federal causes of action arose.

-4-

40.     Defendant City of New York is vicariously liable to the Plaintiff John Scott for the individual Defendants' common law torts via the principle of *respondeat superior*.

41.     New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

## FACTS UNDERLYING
## PLAINTIFFS' CLAIMS FOR RELIEF

42.     On April 2, 2014 at around 2:35 a.m., the Plaintiffs were inside the apartment at 1-05 Astoria Blvd Apartment 1A in Astoria NY 11102.

43.     All of the Plaintiffs except for John Scott resided in that apartment and Mr. Scott was there at the invitation of his finance, Rosanna Fernandez.

44.     Plaintiff Gennissis Fernandez, who was at that time a minor, came home late and the other Plaintiffs were lecturing her.

45.     The police (the Defendants) came to the door and demanded entry.

46.     The door was opened and the Defendants stood slightly in the doorway arguing with the Plaintiffs that they should be let in, which Plaintiffs explained was not necessary.

47.     Plaintiff Michael Anthony Mejia calmly explained to the Defendants that things were all right, but the officers, argued and eventually burst violently into the apartment.

48.     Michael Anthony Mejia was thrown to the ground and one Defendant officer put his knee on his back and neck.

49.     Susan Mejia was grabbed and pushed without provocation.

50.     Defendant male officers went into Gennissis Fernandez's room and stayed there in spite of the fact that she was half naked and they did nothing while there except look at her naked body.

51.     John Scott was beaten severely, he was tasered, he was pepper sprayed and he became unconscious from the beating.

52.     After he became unconscious John Scott was dragged into the hallway while the Defendant officers, who apparently thought he was dead, tried to determine what to do next.

53.     Scott regained consciousness after several minutes and discovered he had been handcuffed, as was Susan Mejia and Michael Anthony Mejia, this despite the fact that none of them had committed nor were they about to commit any criminal acts.

54.     Susan Mejia and Michael Anthony Mejia were placed in RMPs and John Scott was brought to the hospital, where the Defendants falsely informed the healthcare professionals he was an EDP.

55.     The hospital treated Scott for his head injuries, disputed his status as an EDP and returned him to police custody.

56.     Susan Mejia was released without being brought to the precinct but Michael Anthony Mejia was brought to the precinct, then to central booking where he was arraigned on the false charges of OGA and Resisting Arrest, as was Mr. Scott.

57.     Susan Mejia was issued criminal process in the form of a Summons, which was never served on her, nor was she informed that the summons was issued and the summons contains a fictitious license number for her.

58.     The summons for Susan Mejia was written by Defendant Sergeant Elizabeth Mero, Shield # 3379, who was at that time using her maiden name McNulty.

59.     Because the summons for Susan Mejia was never served on her, Susan Mejia had a bench warrant issued, which she first found out about when her application for citizenship could not be successfully processed.

60.     Susan Mejia was forced to hire criminal counsel, and to go to criminal court in Queens on September 5, 2017, at which time she was able to vacate the bench warrant and to have the false criminal charge of disorderly conduct dismissed.

61.     To date, Susan Mejia is still unable to become a naturalized citizen due to the false charge which was not even served upon her.

62.     The Defendants generated and supplied to the Queens District Attorney documents in which they falsely alleged the Plaintiffs had committed crimes.

-6-

63.     Michael Anthony Mejia, who is employed full time and who never had been arrested in his entire life and John Scott were prosecuted continually and forced to make repeated court appearances until September 21, 2015 when the false charges were finally dismissed and sealed.

64.     John Scott continues to have physical problems due to the gratuitous beating which forced him to be hospitalized.

**FIRST CLAIM FOR RELIEF ON BEHALF OF
PLAINTIFFS JOHN SCOTT, MICHAEL ANTHONY MEJIA
AND SUSAN MEJIA
VIOLATION OF THE FOURTH AMENDMENT VIA THE USE OF
EXCESSIVE AND UNREASONABLE FORCE**

65.     Plaintiffs repeat the allegations contained in the prior paragraphs as if fully stated herein.

66.     By reason of the forgoing, the individual Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution, including their right to be free from the use of excessive and unreasonable force.

67.     Individual defendants manhandled and pushed Susan Mejia and they threw Michael Anthony Mejia to the ground and sat on him and they tasered, pepper sprayed, kicked, punched and beat unconscious John Scott.

68.     The Defendants had no reason to used any force much less the excessive and sadistically employed force they used on the Plaintiffs.

69.     At no time did any of the individual Defendants intervene to prevent or end the misconduct to which the Plaintiffs were subjected which transpired over the period of several minutes.

70.     The Plaintiffs suffered anxiety, fear for their safety, physical pain and various emotional harms as the result of Defendants gratuitous use of force and John Scott was knocked unconscious, subjected to extreme physical pain, had to be treated at a hospital and he has ongoing physical harms as a result of the beating.

71.     By reason of the aforesaid, the Plaintiffs have been damaged and are entitled to compensatory and punitive damages and an award of attorneys' fees pursuant to 42 U.S.C. §1988 is appropriate.

### SECOND CLAIM FOR RELIEF ON BEHALF OF PLAINTIFFS GENNISSIS FERNANDEZ, MICHAEL ANTHONY MEJIA AND SUSAN MEJIA VIOLATION OF THE FOURTH AMENDMENT VIA AN ILLEGAL ENTRY AND SEARCH OF THEIR HOME

72.     Plaintiffs repeat the allegations contained in the prior paragraphs as if fully stated herein.

73.     By reason of the forgoing, the individual Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution, by illegally entering and searching their home without being invited to enter, without a warrant, without an exigent circumstance, without probable cause to believe a crime had been or was about to be committed and without any legal justification to do so.

74.     As a result of the violation of their Fourth Amendment rights, Plaintiffs have been damaged.

75.     Plaintiffs' home was invaded, searched and disrupted, their things were thrown about and they were made to fear for their safety and their right to privacy was violated.

76.     As a result the Plaintiffs are entitled to compensatory and punitive damages in amounts to be determined at trial and they are entitled to an award of attorneys' fees pursuant to 42 U.S.C. §1988.

### THIRD CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF GENNISSIS FERNANDEZ VIOLATION OF HER FOURTH AMENDMENT RIGHTS AND HER RIGHT TO PRIVACY

77.     Plaintiff Gennissis Fernandez repeats the allegations contained in the prior paragraphs as if fully stated herein.

78.     Defendant Sergeant Joseph Muller and two Unidentified male officers needlessly and without reason entered into Plaintiff Gennissis Fernandez's room, while she was partially naked, and stayed

there and observed her, without reason to believe she had committed a crime or to ensure her safety and they stayed in her room observing her half naked body for their own perverted gratification.

79.     Defendants had at least one female officer available in the apartment, Defendant Elizabeth Mero, when they entered Gennissis Fernandez's room and stayed there, but instead of having the female officer enter or having the female officer replace them in the room, the male Defendant officers remained in the room alone with the young Plaintiff.

80.     The Defendants could have easily called for the female officer to replace them in the room.

81.     By reason of the forgoing, the Defendants violated Plaintiff's rights under the Fourth Amendment as made applicable to the states via the Fourteenth Amendment.

82.     Plaintiff was embarrassed, humiliated, upset and scared and she suffered other emotional harms.

83.     As a result the Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial and she is entitled to an award of attorneys' fees pursuant to 42 U.S.C. §1988.

**FOURTH  CLAIM FOR RELIEF ON BEHALF OF
PLAINTIFFS SUSAN MEJIA, MICHAEL ANTHONY MEJIA AND JOHN SCOTT
VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS
VIA FALSE ARREST**

84.     Plaintiffs Susan Mejia, Michael Anthony Mejia and John Scott repeat the allegations contained in the prior paragraphs as if fully stated herein.

85.     The Plaintiffs' rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, due to their being falsely arrested by the Defendants.

86.     The Plaintiffs were confined by Defendants; Defendants intended to confine the Plaintiffs; Plaintiffs were conscious of their confinement; and the Plaintiffs did not consent to the confinement which was not otherwise privileged.

87.     As a direct consequence of Defendants' actions, the Plaintiffs were deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, their right to be free from arrest without probable cause.

88.     Among other invasions of their privacy, offenses to their dignity and violations of their rights, Plaintiffs were subjected to being handcuffed, searched, confined, insulted, humiliated, emotionally harmed, embarrassed and defamed by being taken out of the apartment in handcuffs in front of the neighbors, and they were otherwise harmed.

89.     As a result the Plaintiff are entitled to compensatory and punitive damages in amounts to be determined at trial and they are entitled to awards of attorneys' fees pursuant to 42 U.S.C. §1988.

**FIFTH  CLAIM FOR RELIEF ON BEHALF OF**
**PLAINTIFFS MICHAEL ANTHONY MEJIA AND JOHN SCOTT**
**VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS**
**VIA MALICIOUS PROSECUTION**

90.     Plaintiffs Michael Anthony Mejia and John Scott repeat the allegations contained in the prior paragraphs as if fully stated herein.

91.     Plaintiffs were subjected to a malicious prosecution by the Defendants who caused and continued their arrest, without probable cause, the arrests were effected with malice and the charges terminated in Plaintiffs' favor via dismissals.

92.     Defendants generated and forwarded documents to the Queens District Attorney which falsely alleged the Plaintiffs committed crimes.

93.     Defendants disingenuously informed the Queens District Attorney that the Plaintiffs had committed crimes.

94.     Defendants' actions resulted in the Plaintiffs being arrested, handcuffed, being held in custody, being forced to appear in court numerous times over slightly less than a 1.5 year period, caused the Plaintiffs to fear going to jail, anxiety, defamation in their community, pecuniary harms including but not limited to attorneys' fees for Michael Anthony Mejia in his criminal case, lost wages, lost employment opportunities and they were otherwise harmed.

-10-

95.     The individual Defendants who knew of Plaintiffs being maliciously prosecuted and who failed to intervene to prevent their constitutional rights from being violated are liable to the Plaintiffs as are the Defendants who directly participated in Plaintiffs' prosecutions.

96.     By reason of the aforesaid, the Plaintiffs have been damaged and they are entitled to compensatory and punitive damages and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**SIXTH CLAIM FOR RELIEF ON BEHALF OF**
**PLAINTIFFS MICHAEL ANTHONY MEJIA, JOHN SCOTT AND SUSAN MEJIA**
**VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT**
**RIGHTS VIA DENIAL OF HIS RIGHT TO A FAIR TRIAL, i.e.,**
**DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS**

97.     Plaintiffs repeat the allegations contained in the prior paragraphs as if fully stated herein.

98.     Plaintiffs Michael Anthony Mejia, John Scott and Susan Mejia were denied their right to a fair trial i.e., they were subjected to a deprivation of liberty without due process in violation of the Fourth, Sixth and Fourteenth Amendments by the individual Defendants who created false information and provided that information to the District Attorney.

99.     The individual Defendants fabricated and forwarded to prosecutors information they knew to be false and said false information was almost certain to influence a jury's verdict, and in so doing Michael Anthony Mejia, John Scott and Susan Mejia were denied their right to a fair trial and they were thereby damaged.

100.    The individual Defendants who knew of Plaintiffs being denied their right to a fair trial and who failed to intervene to prevent their constitutional rights from being violated are liable to the Plaintiffs as are the Defendants who directly participated in fabricating and providing the false information to the Office of the District Attorney.

101.    Defendants' actions resulted in the Plaintiffs Michael Mejia and John Scott being arrested, handcuffed, being held in custody, being forced to appear in court numerous times over slightly less than a 1.5 year period, caused the Plaintiffs to fear going to jail, anxiety, defamation in their

-11-

community, pecuniary harms including but not limited to attorneys' fees for Michael Anthony Mejia in his criminal case, lost wages, lost employment opportunities and they were otherwise harmed.

102.    Additionally, in the case of Susan Mejia, she was not even served with the criminal summons Defendant Mero issued, causing her the additional problems of having a bench warrant issue due to her excusable failure to appear, interfering with her becoming a naturalized citizen of the United States, forcing her to make a court appearance and to hire criminal counsel.

103.    The failure to even serve the summons upon Susan Mejia was in itself a violation of procedural due process.

104.    By reason of the aforesaid, Michael Anthony Mejia, John Scott and Susan Mejia have been damaged and are entitled to compensatory and punitive damages and an award of attorneys' fees is appropriate pursuant to 42U.S.C. §1988.

### SEVENTH  CLAIM FOR RELIEF ON BEHALF OF
### PLAINTIFF JOHN SCOTT
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE
### COMMON LAW OF THE STATE OF NEW YORK
### VIA MALICIOUS PROSECUTION

105.    Plaintiff John Scott repeats the allegations contained in the prior paragraphs as if fully stated herein.

106.    Plaintiff John Scott was subjected to a malicious prosecution in violation of the common law of the State of New York by the Defendants who caused and continued his arrest, without probable cause, the arrest was effected with malice and the charges terminated in Plaintiff's favor via a dismissal.

107.    Defendants generated and forwarded documents to the Queens District Attorney which falsely alleged the Plaintiff committed crimes.

108.    Defendants disingenuously informed the Queens District Attorney that the Plaintiff had committed crimes.

109.     Defendants' actions resulted in the Plaintiff being arrested, handcuffed, being held in custody being forced to appear in court numerous times over slightly less than a 1.5 year period,  caused the Plaintiff to fear going to jail, to suffer anxiety, he was defamed in his community, he lost opportunities to work and the Plaintiff was otherwise harmed.

110.     By reason of the aforesaid, the Plaintiff has been damaged and he is entitled to compensatory damages.

**EIGHTH CLAIM FOR RELIEF ON BEHALF OF
PLAINTIFF JOHN SCOTT
VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE
COMMON LAW OF THE STATE OF NEW YORK
VIA MALICIOUS ABUSE OF PROCESS**

111.     Plaintiff John Scott repeats the allegations contained in the prior paragraphs as if fully stated herein.

112.     Plaintiff John Scott was subjected to a malicious abuse of process in violation of the common law of the State of New York by the Defendants who caused regularly issued criminal process to be issued compelling John Scott's appearance in criminal court, they were motivated do harm to Mr. Scott without justification; and they did so to distract attention from the fact that they had illegally entered and searched the residence, invaded Gennessis Mejia's privacy and beat, tasered and sprayed John Scott.

113.     Defendants' actions resulted in the Plaintiff being arrested, handcuffed, being held in custody being forced to appear in court numerous times over slightly less than a 1.5 year period,  caused the Plaintiff to fear going to jail, to suffer anxiety, he was defamed in his community, he lost opportunities to work and the Plaintiff was otherwise harmed.

114.     By reason of the aforesaid, the Plaintiff has been damaged and he is entitled to compensatory damages.

**WHEREFORE,** Plaintiffs respectfully request that judgment be entered as follows:

-13-

(A)    Compensatory damages to be determined at trial on all causes of action;

(B)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages against the individual Defendants in an amount to be fixed at trial on Plaintiffs' First - Sixth (the federal) causes of action;

(C)    An award to Plaintiffs of the costs and disbursements herein;

(D)    An award of attorneys' fees under 42 U.S.C. §1988 on Plaintiffs' First -Sixth (the federal) causes of action; and

(E)    Such other and further relief as this Court may deem just and proper.


Dated: June 20, 2018
       New York, New York


                                          /s/
                              _____
                              Fred Lichtmacher (FL-5341)
                              The Law Office of Fred Lichtmacher P.C.
                               *Attorneys for Plaintiffs*
                              116 West 23rd Street Suite 500
                              New York, New York 10011
                              (212) 922-9066

To:    The City of New York
       Zachary Carter
       Corporation Counsel NYC
       Attorneys for Defendants
       100 Church Street
       New York, New York 10007


-14-